IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CR-349-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DONALD DAVE KHOURI, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the government's motion in limine (DE # 49). The issues raised have been fully briefed and are ripe for ruling. For the following reasons, the court grants in part and denies in part the government's motion.

## BACKGROUND

Indictment was returned in this case on November 11, 2011, charging defendant with re-entry into the United States after having previously been excluded, deported, and removed from the United States at Miami, Florida, on or about November 28, 1990, in violation of 8 U.S.C. § 1326(a) and (b)(2). Indictment further alleges that defendant was excluded, deported, and removed after having been convicted of an aggravated felony, on or about August 23, 1990, in Florida state court.

On July 13, 2012, defendant filed a motion to dismiss indictment pursuant to 8 U.S.C. § 1326(d) and United States v. Mendoza-Lopez, 481 U.S. 828 (1987) (DE # 30). Defendant contended that his prior deportation was flawed because the deportation officer misapprehended defendant's prior conviction based on conflicting state court documentation. Specifically the officer stated defendant was convicted of possession with intent to distribute controlled substances and not simply possession of controlled substances. Thus he argued the hearing officer ordered his deportation in

error.

By order entered October 29, 2012 (DE # 41), the court denied defendant's motion to dismiss, finding that any alleged defects in defendant's underlying deportation hearing did not prejudice the defendant where he would have been subject to deportation on his controlled substance conviction irrespective of whether it involved possession with intent to distribute or simply possession.

The government filed the instant motion in limine on January 31, 2013, seeking an order precluding the defendant from presenting evidence suggesting that his removal proceedings and/or deportation were flawed.

## DISCUSSION

The government argues that the lawfulness of a deportation is a legal challenge, not a jury question. It also maintains that the lawfulness of defendant's deportation is not relevant as it does not have any tendency to make any fact more or less probable, and that even if it were relevant, it should be excluded based on risks of confusing the issues, misleading the jury, undue delay, and wasting time.

Collateral attacks on a prior deportation order pursuant to 8 U.S.C. 1326(d) and Mendoza-Lopez present legal questions properly raised by motion before trial, and are not properly an issue for the jury. See United States v. El-Shami, 434 F.3d 659, 662-63 (4th Cir. 2005) (defendant raised defects in his deportation proceeding in a pre-trial motion to dismiss, which denial the Court of Appeals reviewed *de novo*); United States v. Loaisiga, 104 F.3d 484, 485-86 (defendant sought to invoke Mendoza-Lopez prior to trial to obtain dismissal or suppression of evidence of deportation, and the First Circuit found this presented "a legal issue that we consider *de novo*"). Defendant in

2

this case has already made collateral attack on his prior deportation in his motion to dismiss, which motion the court denied. Where the legality of defendant's deportation is settled, he cannot raise this issue again at trial.

Indictment, however, alleges defendant was deported after conviction for an aggravated felony. An alien who has been deported and is later found in the United States without consent of the Attorney General may be fined and imprisoned for up to two years. 8 U.S.C. § 1326(a). If removal was subsequent to an "aggravated felony," an alien is subject to heightened penalties and may be imprisoned for up to twenty (20) years. 8 U.S.C. § 1326(b)(2) "Aggravated felony" is defined to include "illicit trafficking in a controlled substance." 8 U.S.C. § 1101(a)(43).

The court in this case has already determined that defendant's deportation was not flawed where convictions for either possession of a controlled substance or possession of a controlled substance with intent to distribute would require his deportation. See DE # 41 at 5. However, the court did not determine the underlying question of whether defendant's state court conviction was for possession of a controlled substance or possession with intent to distribute a controlled substance. Where the government offers evidence to prove its allegation that defendant was deported after having been convicted of an aggravated felony, defendant is not foreclosed from presenting evidence that he was not so convicted, and that the deportation officer was mistaken in his belief defendant was so convicted.

## CONCLUSION

Based on the foregoing, the government's motion is GRANTED in part and DENIED in part. Evidence regarding the fairness of defendant's deportation hearing is admissible at trial only under the parameters set forth herein.

3

SO ORDERED, this the 5th day of February, 2013.

                                          LOUISE W. FLANAGAN
                                          United States District Judge