IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CR-349-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DONALD DAVE KHOURI, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's renewed motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure (DE # 76). The matter has been fully briefed and the issues raised are ripe for ruling. For reasons set forth more particularly below, the motion is DENIED.

## BACKGROUND

Defendant Donald Dave Khouri was indicted with re-entering the United States after a prior deportation, in violation of 8 U.S.C. § 1326(a), on November 8, 2011. His case proceeded to trial on February 25, 2013. At trial, defendant made motion for judgment of acquittal pursuant to Rule 29 at the close of the government's case-in-chief, which motion was denied. He moved again for judgment of acquittal at the close of the defense's case, which motion was also denied. On February 26, 2013, defendant was found guilty of illegal re-entry by the jury. On March 4, 2013, defendant filed a renewed motion for judgment of acquittal.

## COURT'S DISCUSSION

A. Standard of Review

A defendant may "move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1). A Rule 29 motion for judgment of acquittal must be denied if when "'viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt.'" United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008) (quoting United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982)).

B. Analysis

Defendant argues that the court must set aside the verdict and enter an acquittal where he contends the jury did not have proof beyond a reasonable doubt of one of the elements of the offense charged, namely, that defendant re-entered or attempted to re-enter the United States voluntarily. "To obtain a conviction under 8 U.S.C. § 1326, the prosecution must prove (1) that the defendant is an alien who was previously arrested and deported, (2) that he re-entered the United States *voluntarily*, and (3) that he failed to secure the express permission of the Attorney General to return." United States v. Espinoza-Leon, 873 F.2d 743, 746 (4th Cir. 1989) (emphasis added); see also United States v. Pineda-Tejada, 462 F. App'x 381, 382 (4th Cir. 2012) (reciting these same elements). While specific intent to unlawfully re-enter is not required, the government must show that a defendant acted knowingly and willfully in re-entering the United States. Espinoza-Leon, 873 F.2d at 746; United States v. Garcia, 288 F. App'x 888, 889 (4th Cir. 2008).

In this case, defendant testified that he was escorted to U.S. Customs and Immigration by Bahamian immigration officials, and put on a plane to Miami, Florida, but thought he was eventually

2

being returned to Jamaica. However, defendant also testified that once he landed in Miami, he used a revoked green card still in his possession to identify himself to immigration officials. Viewing this evidence in the light most favorable to the government, it is sufficient to show that defendant voluntarily re-entered the United States, representing himself as a lawful permanent resident of the United States upon landing.

Additionally, a search of government records showed no record of lawful entry into the United States by defendant through any sanctioned port of entry subsequent to his deportation. A rational juror may have disbelieved defendant's testimony as to how he re-entered the United States as there was no record of his entry. Thus a rational trier of fact could have found defendant was an alien who was guilty of illegally re-entering the United States after having been deported.

## CONCLUSION

Based on the foregoing, defendant's renewed motion for judgment of aquittal (DE # 76) is DENIED.

SO ORDERED, this the 3rd day of April, 2013.

LOUISE W. FLANAGAN
United States District Judge

3